# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>        Plaintiff,<br><br>   v.<br><br>ELIASER MONTANEZ, et al.,<br><br>        Defendants. | Case No.  1:15-cv-00803-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF Nos. 34, 35, 37, 38) |

Plaintiff Cynthia Hopson filed this action on May 26, 2015, against Defendants Eliaser Montanez, John Simon, and Rosemary Simon alleging violation of Title III of the Americans with Disabilities Act of 1990; the Unruh Civil Rights Act; and the California Disabled Persons Act.  On September 19, 2016, Plaintiff filed a notice of settlement and the parties were provided with forty-five days to file dispositive documents.  On December 30, 2016, Plaintiff filed a request to withdraw the notice of settlement and an order issued setting a mandatory scheduling conference for January 17, 2017.

Defense counsel Michael Warda failed to appear for the January 17, 2017 scheduling conference and an order issued requiring him to show cause why sanctions should not issue for the failure to appear.  On January 19, 2017, a scheduling order issued.  On January 31, 2017, defense counsel filed a response to the order to show cause.  On February 1, 2017, Plaintiff filed a reply to Mr. Warda's response.

Mr. Warda responds that the scheduling conference was scheduled and was on his calendar and he was out of the office and unable to be reached by his office staff. He misread his calendar on his mobile device and did not realize that the scheduling conference was set for January 17, 2017. Plaintiff counters that Mr. Warda has continually failed to respond to Plaintiff's communications, and is misrepresenting to the Court the original agreement to settle this action. Mr. Warda personally appeared for a hearing on February 8, 2017, before the undersigned. Counsel Daniel Malakauskas appeared telephonically for Plaintiff.

The Court has the authority under Rule 16(a) of the Federal Rules of Civil Procedure to order attorneys to appear for pretrial conferences, including a scheduling conference. Fed. R. Civ. P. 16(a)(2). Rule 16(f) of the Federal Rule of Civil Procedure provides that the court may, on motion or on its own, issue any just orders if a party fails to appear at a scheduling or any other pretrial conference. Since the purpose of Rule 16 is to " 'to encourage forceful judicial management,' a court has broad discretion to sanction attorneys and parties who fail to comply with the court's reasonable case management orders." M.O.R.E., LLC v. United States, No. 12-CV-03609-JST, 2015 WL 580554, at *2 (N.D. Cal. Feb. 11, 2015). While imposition of sanctions under Rule 16 requires notice and an opportunity to be heard, Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990), it does not require a finding of bad faith, Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001).

Moreover, the Court has inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice" and to maintain "the authority and dignity of the court." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980); accord Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

The Court shall discharge the order to show cause in this instance, but the Court is concerned regarding the apparent lack of professional courtesy that is being accorded to Plaintiff's counsel in this action. Plaintiff's counsel has submitted a declaration showing that communication has been attempted on over twenty occasions to defendant's counsel has not responded. (Decl. of Daniel Malakauskas, ECF No. 38.) Given counsel's failure to appear in

this action, the Court can come to no other conclusion but that counsel is willfully refusing to participate in litigation of this action.

Mr. Warda is advised that any future failures to comply with orders of this Court will result in monetary sanctions against counsel. Mr. Warda seeks to have the Court reset the scheduling conference, however the scheduling order issued on January 19, 2017, a week and a half prior to counsel filing his response to the order to show cause in this action. The Court finds that counsel's lack of knowledge that the scheduling order issued further demonstrates his lack of participation in litigating this action. The parties are expected to adhere to the deadlines established in the January 19, 2017 scheduling order, and the parties will be required to demonstrate good cause for any request to amend the scheduled dates.

Based on the foregoing, IT IS HEREBY ORDERED that the order to show cause filed January 17, 2017, shall be DISCHARGED.

IT IS SO ORDERED.

Dated:  **February 8, 2017**

UNITED STATES MAGISTRATE JUDGE